UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Georgeanna Benjamin, as ) | Civil Action No.: 4:15-cv-05110-RBH |
| Guardian ad Litem for Curtis Dolford, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Adrian Shaw, ) | |
| ) | |
|     Defendant. ) | |
| _____) | |

This matter is before the Court for a ruling on Defendant Adrian Shaw's Motion for Summary Judgment. *See* ECF No. 29. The Court denies the motion for the reasons herein.[1]

### **Summary Judgment Standard**

Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Reyazuddin v. Montgomery Cty., Md.*, 789 F.3d 407, 413 (4th Cir. 2015); *see* Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . . ; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party, *Reyazuddin*, 789 F.3d at 413, but the Court "cannot weigh the evidence or make credibility determinations." *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 569 (4th Cir. 2015).

---

[1] Pursuant to Local Civil Rule 7.08, the district court may decide motions without a hearing. The Court has reviewed the parties' filings and determined a hearing in this matter is unnecessary.

Moreover, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). "A dispute of material fact is 'genuine' if sufficient evidence favoring the non-moving party exists for the trier of fact to return a verdict for that party." *Seastrunk v. United States*, 25 F. Supp. 3d 812, 814 (D.S.C. 2014). A fact is "material" if proof of its existence or nonexistence would affect disposition of the case under the applicable law. *Anderson*, 477 U.S. at 248.

At the summary judgment stage, "the moving party must demonstrate the absence of a genuine issue of material fact. Once the moving party has met his burden, the nonmoving party must come forward with some evidence beyond the mere allegations contained in the pleadings to show that there is a genuine issue for trial." *Baber v. Hosp. Corp. of Am.*, 977 F.2d 872, 874-75 (4th Cir. 1992) (internal citation omitted). Summary judgment is not warranted unless, "from the totality of the evidence, including pleadings, depositions, answers to interrogatories, and affidavits, the [C]ourt believes no genuine issue of material fact exists for trial and the moving party is entitled to judgment as a matter of law." *Whiteman v. Chesapeake Appalachia, L.L.C.*, 729 F.3d 381, 385 (4th Cir. 2013); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

## Background

I. **The Prior Case: *Dolford I***

On January 31, 2013, Defendant Adrian Shaw ("Defendant Shaw") was driving north on U.S. Highway 17 in a 1999 Mack dump truck when he crossed the center line and collided head-on with a 1989 Lincoln Sedan occupied by Curtis Dolford ("Plaintiff"), Maurice Dolford, and Brent O'Neal (the driver). *See* ECF No. 23 [Amended Complaint] at ¶¶ 7-9. Plaintiff and his companions filed a

2

negligence action in state court against both Defendant Shaw and his employer Willard Locklear Trucking, LLC ("Locklear Trucking");[2] the lawsuit was removed to this Court in January 2014. *See Dolford v. Willard Locklear Trucking, LLC*, No. 4:14-cv-00062-RBH (D.S.C. filed Jan. 8, 2014) (hereinafter, "*Dolford I*"). On March 24, 2014, O'Neal's and Maurice Dolford's cases were dismissed with prejudice from *Dolford I* after they stipulated to the dismissal of all claims against both Defendant Shaw and Locklear Trucking; Plaintiff's lawsuit continued against both Defendant Shaw and Locklear Trucking. *Dolford I* at ECF No. 13. On January 6, 2015, this Court entered an order dismissing Defendant Shaw without prejudice for failure to serve pursuant to Federal Rule of Civil Procedure 4(m); Plaintiff and Locklear Trucking remained the only parties in *Dolford I*. *Id.* at ECF No. 35. On January 12, 2015, Locklear Trucking filed in this Court a Confession of Judgment consenting to entry of judgment in Plaintiff's favor in the amount of $2.5 million dollars, and the Clerk entered the confessed judgment the next day. *Id.* at ECF Nos. 39 & 40.

## II.     The Instant Case

On May 18, 2015, Plaintiff (a South Carolina resident) filed the present action solely against Defendant Shaw in state court, and after having difficulty locating Defendant Shaw (a North Carolina resident), served him on November 30, 2015, through the Director of the South Carolina Department of Motor Vehicles.[3] *See* ECF No. 1-1. Defendant Shaw removed the case to this Court on December 30, 2015.[4] *See* ECF No. 1. Plaintiff filed an amended complaint on September 22, 2016, and Defendant

---

[2]     Locklear Trucking owned the Mack dump truck that Defendant Shaw was driving and was his employer. *Dolford I* at ECF No. 1-1 ¶¶ 6, 11, 13.

[3]     *See* S.C. Code Ann. § 15-9-350 (permitting service of process on nonresident drivers via service on the Director of the South Carolina Department of Motor Vehicles).

[4]     South Carolina law controls this removed, diversity action. *See Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938).

3

Shaw filed an answer admitting liability on October 6, 2016. *See* ECF Nos. 23 & 24. On November 17, 2016, Defendant Shaw filed a motion for summary judgment. *See* ECF Nos. 24 & 29. Plaintiff filed a response in opposition to the motion for summary judgment, and Defendant Shaw filed a reply to Plaintiff's response. *See* ECF Nos. 30 & 31.

## Discussion

Defendant Shaw moves for summary judgment on two grounds, arguing (1) Plaintiff's claims are barred by the doctrine of laches and (2) Plaintiff received consideration for the entire judgment against Locklear Trucking by virtue of the Confession of Judgment. *See* ECF No. 29-1 at 4-8.

**I.   Laches**

Defendant Shaw asserts the doctrine of laches bars Plaintiff's claims. *Id.* at 4-5. Plaintiff contends laches is inapplicable because Defendant Shaw was served within the statute of limitations. ECF No. 30 at 3-4.

Laches is an equitable doctrine defined as "neglect for an unreasonable and unexplained length of time, under circumstances affording opportunity for diligence, to do what in law should have been done." *Robinson v. Estate of Harris*, 388 S.C. 645, 656, 698 S.E.2d 229, 236 (2010). "If the defense of laches is applicable, whether a claim is barred is to be determined in light of the facts of each case, taking into consideration whether the delay has worked injury, prejudice, or disadvantage to the other party; delay alone in assertion of a right does not constitute laches." *Treadaway v. Smith*, 325 S.C. 367, 378, 479 S.E.2d 849, 856 (Ct. App. 1996). "**However, the statute of limitations, rather than laches, is applicable to a legal as opposed to an equitable claim. Therefore, *laches does not operate to bar a legal claim when the applicable statute of limitations has not run.***" *Id.* (internal citation omitted) (emphasis added). In South Carolina, the statute of limitations for a personal injury action is three

4

years. *See* S.C. Code Ann. § 15-3-530(5).

Plaintiff commenced this negligence action within the three-year statute of limitations: the accident causing his injuries occurred on January 31, 2013; he filed the lawsuit on May 18, 2015; and he served Defendant Shaw on November 30, 2015. Because Plaintiff has asserted legal—not equitable—claims for negligence, *see* Am. Compl. at pp. 2-5, laches does not bar those legal claims because Plaintiff brought this action within the limitations period. *See Treadaway*, 325 S.C. at 378, 479 S.E.2d at 856; *see, e.g.*, *Sadler v. Nicholson*, 26 S.E. 893, 894 (S.C. 1897) ("This was an action at law, brought within the period of the statutory limitation, and the equitable defense of laches was not available."). Accordingly, the Court finds laches is inapplicable and summary judgment is not appropriate on that basis.

## II. Satisfaction

Defendant Shaw argues Plaintiff's claims against him are barred because Plaintiff received consideration for the entire judgment against Locklear Trucking, Defendant Shaw's employer. ECF No. 29-1 at 5-8; ECF No. 31 at 3-6. Defendant Shaw notes Plaintiff accepted the Confession of Judgment from Locklear Trucking in *Dolford I*, by which Locklear Trucking assigned to Plaintiff its right to pursue a bad faith action against its insurer National Casualty Insurance Company. ECF No. 29-1 at 7. Defendant Shaw claims Plaintiff's acceptance of Locklear Trucking's right to pursue a bad faith action against National Casualty constitutes a full and complete satisfaction for his damages stemming from the accident. *Id.*

Initially, the Court notes the parties' briefing of the controlling law is limited, thereby

necessitating the Court's own research of the issue. The cases—many from foreign jurisdictions[5]—and secondary authority that Defendant Shaw cites are not dispositive of the issues before the Court, and at the same time Plaintiff provides little authority other than arguing against authorities cited by Defendant Shaw. The Court discusses the substantive, binding <u>South Carolina law</u> below.

In *Bartholomew v. McCartha*, the South Carolina Supreme Court "adopt[ed] the view that the release of one tort-feasor does not release others who wrongfully contributed to plaintiff's injuries unless [(1)] this was the intention of the parties, or unless [(2)] plaintiff has, in fact, received full compensation amounting to a satisfaction."[6] 255 S.C. 489, 492, 179 S.E.2d 912, 914 (1971). This rule applies regardless of "whether the instrument involved" is a release, covenant not to sue, or covenant to execute.[7] *Id.* South Carolina courts have consistently followed the two-prong test set forth in *Bartholomew* by scrutinizing the language in the settlement instruments involved. *See, e.g.*, *Scott by McClure v. Fruehauf Corp.*, 302 S.C. 364, 368, 396 S.E.2d 354, 356 (1990); *Ecclesiastes Prod. Ministries v. Outparcel Assocs., LLC*, 374 S.C. 483, 492-504, 649 S.E.2d 494, 498-505 (Ct. App. 2007);

---

[5] For example, Defendant Shaw heavily relies on a 1975 case from the Florida Second District Court of Appeal; and he also cites a 1966 decision of the Texas Thirteenth Court of Appeals, a federal district court order from the District of Arizona, and a decision of the Supreme Court of Wyoming. *See* ECF Nos. 29-1 & 31 (citing *Hinton v. Iowa Nat. Mut. Ins. Co.*, 317 So. 2d 832 (Fla. Dist. Ct. App. 1975); *Manjarres ex rel. Manjarres v. Cont'l Tire N. Am., Inc.*, No. CV 06-1037-PHX-MHM, 2007 WL 779725 (D. Ariz. Mar. 12, 2007); *Marange v. Marshall*, 402 S.W.2d 236 (Tex. Civ. App. 1966); *Day v. Davidson*, 951 P.2d 378 (Wyo. 1997)). Because this Court is sitting in diversity, it obviously must apply South Carolina law to this case.

[6] "A 'satisfaction' is generally defined as '[t]he discharge of an obligation by paying a party what is due to him' or '[t]he performance of a substituted obligation in return for the discharge of the original obligation.'" *Bowers*, 360 S.C. at 155, 600 S.E.2d at 546 (quoting *Black's Law Dictionary* 1342 (6th ed. 1990)).

[7] As explained below, the Confession of Judgment is contingent upon an attached covenant not to execute. *See Dolford I* at ECF No. 39-1. "Under South Carolina law, a covenant not to execute is one type of settlement agreement. It is a promise not to enforce a right of action or execute a judgment when one had such a right at the time of entering into agreement. It is normally executed when a settlement occurs after the filing of a lawsuit. While a covenant not to execute is not a release, it is nonetheless a settlement between the parties to the agreement." *Wade v. Berkeley Cty.*, 348 S.C. 224, 228, 559 S.E.2d 586, 587 (2002) (internal citations, quotation marks, and emphasis omitted).

*Bowers v. Dep't of Transp.*, 360 S.C. 149, 153-56, 600 S.E.2d 543, 545-46 (Ct. App. 2004); *Loyd's Inc. by Richardson Const. Co. of Columbia, S.C. v. Good*, 306 S.C. 450, 454-55, 412 S.E.2d 441, 443-45 (Ct. App. 1991); *Vaughn v. City of Anderson*, 300 S.C. 55, 57, 386 S.E.2d 297, 299 (Ct. App. 1989). Two cases in particular—*Bowers* and *Loyd's*—discuss the South Carolina Uniform Contribution Among Tortfeasors Act, which codifies and "mirrors the rule in *Bartholomew*." *Bowers*, 360 S.C. at 155, 600 S.E.2d 543, 546. Section 15-38-50 of the Act provides as follows:

> **When** a release or **a covenant** not to sue or **not to enforce judgment is given in good faith to one of two or more persons liable in tort for the same injury** or the same wrongful death:
>
> (1) **it does not discharge any of the other tortfeasors from liability for the injury or wrongful death unless its terms so provide**, but it reduces the claim against the others to the extent of any amount stipulated by the release or the covenant, or in the amount of the consideration paid for it, whichever is the greater; and
>
> (2) it discharges the tortfeasor to whom it is given from all liability for contribution to any other tortfeasor.

S.C. Code Ann. § 15-38-50 (2005) (bold emphases added).

Here, the Court finds neither prong of *Bartholomew*—as codified in section 15-38-50—is fulfilled.[8] First, there is no evidence that the covenant of Locklear Trucking intended to release

---

[8] Defendant Shaw argues that because Plaintiff accepted a Confession of Judgment against Shaw's employer (Locklear Trucking) in *Dolford I*, such acceptance precludes Plaintiff from bringing a subsequent action against Shaw—the employee—by virtue of the principle of vicarious liability/respondeat superior. *See* ECF No. 29-1 at 6-7; ECF No. 31 at 4-6. In support of this argument, Defendant cites the Restatement (Second) of Judgments §§ 50 and 51, *Hinton v. Iowa National Mutual Insurance Co.*, 317 So. 2d 832 (Fla. Dist. Ct. App. 1975), and several other non-South Carolina authorities. The Court notes there is no conclusive post-*Bartholomew* South Carolina case law standing for the proposition that settlement with a principal automatically constitutes settlement with the agent. The only case that comes close is *Andrade v. Johnson*, in which the South Carolina Court of Appeals dealt with the opposite scenario and found settlement with an agent automatically constituted settlement with the principal, notwithstanding *Bartholomew* and the Uniform Contribution Among Tortfeasors Act. *See* 345 S.C. 216, 221-27, 546 S.E.2d 665, 668-70 (Ct. App. 2001) ("We hold the covenant not to sue issued in favor of Johnson, the agent, released SCE&G, the vicariously liable principal."), *rev'd on other grounds*, 356 S.C. 238, 588 S.E.2d 588 (2003). The Court

7

Defendant Shaw or "others who wrongfully contributed to [P]laintiff's injuries." *Bartholomew*, 255 S.C. at 492, 179 S.E.2d at 914. The Confession of Judgment states "the Plaintiff, Curtis Dolford, agrees to accept this confession as full and final resolution of all claims, past, present, or future, that Curtis Dolford may have or ever have against Willard Locklear Trucking, LLC." *Dolford I* at ECF No. 39-1. The Confession of Judgment does ***not*** name Defendant Shaw and does ***not*** evidence an intent to make a general release of all parties who might be liable. In fact, it states, "***This agreement shall in no way affect Plaintiff's right or ability to seek recovery from any other persons or entities***." *Id.* (emphasis added). Additionally, the Confession of Judgment incorporates an "Assignment, Covenant Not to Execute and Agreement to Cooperate in Litigation" that references *only* Locklear Trucking as the "Judgment Debtor." *Dolford I* at ECF No. 39-1 ¶ 1. Finally, the "Assignment, Covenant Not to Execute and Agreement to Cooperate in Litigation" releases Willard and Betty Locklear individually ("so long as they reasonably cooperate in the prosecution of the bad faith action"), but it does not specifically release anyone else. *See id.* ¶ 23.

Second, there is no evidence of "full compensation amounting to a satisfaction." *Bartholomew*, 255 S.C. at 492, 179 S.E.2d at 914. The Confession of Judgment states it "is contingent upon the parties' proper execution of the attached 'Assignment, Covenant Not to Execute and Agreement to Cooperate in Litigation.'" *Dolford I* at ECF No. 39-1. The attached Covenant Not to Execute specifies "that once the bad faith lawsuit is resolved, dismissed or a final judgment is entered, this covenant not

---

is not inclined to extend *Andrade* to the facts of the instant case, which deal with a settlement with the principal rather than the individual agent. The Court also notes the complaint in *Dolford I* alleged both respondent superior/vicarious liability against the master/employer Locklear Trucking *and* independent acts of negligence of the master such as negligent entrustment and negligent hiring, training, and supervision. *See, e.g.*, *Dolford I* at ECF No. 1-1 ¶¶ 11-15. In the instant case, Plaintiff's amended complaint contains no references to Locklear Trucking or respondeat superior. *See* ECF No. 23.

to execute in favor of [Locklear Trucking] will become permanent and the Judgment ***will be marked satisfied***." *Id.* at ECF No. 39-2 ¶ 17 (emphasis added).  Thus, the plain terms of the Covenant Not to Execute contemplate satisfaction of the judgment against ***only*** Locklear Trucking and ***only*** when the bad faith lawsuit is "resolved, dismissed or a final judgment" entered.  There is no indication whether Plaintiff has actually filed the bad faith lawsuit, much less whether that suit has been resolved, dismissed, or had final judgment entered.  Moreover, even assuming *arguendo* that the bad faith lawsuit had reached such conclusion, there is still no evidence that Plaintiff has received a "***full*** compensation amounting to a satisfaction" for his injuries.[9]  255 S.C. at 492, 179 S.E.2d at 914.  Accordingly, the Court must deny Defendant Shaw's motion for summary judgment.

### Conclusion

For the reasons stated above, the Court **DENIES** Defendant Shaw's motion for summary judgment [ECF No. 29].

**IT IS SO ORDERED.**


Florence, South Carolina                                    s/ R. Bryan Harwell
April 13, 2017                                              R. Bryan Harwell
                                                            United States District Judge

---

[9] Defendant Shaw correctly recognizes "Plaintiff is barred from receiving a double recovery for the same injury."  ECF No. 31 at 5.  *See generally Riley v. Ford Motor Co.*, 414 S.C. 185, 195-98, 777 S.E.2d 824, 830-31 (2015) (discussing the prohibition against double recovery and "a defendant's entitlement to setoff, whether at common law or under section 15-38-50"; and explaining how "these equitable principles were codified as part of the South Carolina Contribution Among Tortfeasors Act," specifically section 15-38-50).